HEARD NOVEMBER TERM, 1873.

## STATE vs. GREEN.

Indictment under the Act declaring a fraudulent breach of trust to be larceny, charged the trust to consist in safely keeping certain lumber of A, and the proof was that it consisted in running a mill by sawing lumber on A's place and shipping it to market for sale. Variance held fatal.

The Constitution of the State providing that "Judges shall not charge juries in respect to matters of fact, but may state the testimony and declare the law;" it is error for a Judge to state to the jury his conclusion upon a question of fact, though he may review the evidence and present the different views that may be taken of it.

IN THE CRIMINAL COURT, CHARLESTON, APRIL TERM, 1872.

Indictment against Tappin G. Green under the Act of 1866, (13 Stat., 406, § 6,) providing that any person committing a breach of trust, with a fraudulent intention, shall be held guilty of larceny. The indictment charged that the defendant, "being entrusted by one Michael O'Dowd with" certain lumber, &c., "upon a trust," &c., that he "would safely keep the said lumber," &c., did, &c. The proof. as to the trust, was that the defendant was employed by Michael O'Dowd as his overseer on two plantations, and that it was part of defendant's "duty to run a mill upon the lower of the two plantations, by sawing lumber cut on the place and shipping it to market for sale." The jury found the defendant guilty, and, after sentence, he appealed, having, before sentence, moved in arrest of judgment, and for a new trial.

The rest of the case will be understood from the opinion of the Court.

*Knowlton,* for appellant.

· *Buttz,* Solicitor, with whom was *O'Connor,* contra.

Feb. 2, 1874. The opinion of the Court was delivered by

MOSES, C. J. It is not necessary to review all the grounds submitted, both in arrest of judgment and for a new trial, for among the many presented there are at least two in regard to which no difference of opinion can exist. Nor is it necessary, therefore, to enquire whether the form of the indictment is sufficient, as averring all the circumstances which are essential to constitute and express the offense designed by the Act.

A recognized principle pervades the whole system of pleading,

both civil and criminal, and is applied with unvarying precision to the latter, where something more than the mere right of property is involved. A criminal conviction subjects the offender to punishment in his person, even affecting life itself. Every safeguard which the law has provided for his defense, whether to be found in statutory enactment, or binding on the Court from long established precedents, originating in judicial decisions, the defendant in the Court of Sessions has the right to invoke in his behalf. It is not necessary to refer to authority to show that one, not least in consequence or importance, is that the charge must be sustained by some evidence, for, without this, there would be nothing for the jury to pass upon. Now, the indictment charges that the trust reposed in the appellant, (the defendant below) was "to keep the lumber for the said Michael O'Dowd." The testimony of O'Dowd, the only witness who says anything of the nature of the possession, is "that it was a part of the overseer's duty (referring to the appellant) to run a mill upon the lower of the two plantations, by sawing lumber cut on the place, and shipping it to market for sale."

A more glaring difference between the allegation in the indictment and the proof, in this particular, could not well be conceived. It can in no way be regarded as an immaterial averment, for to establish the breach of trust contemplated by the Act, the circumstances constituting it must be correctly set forth, and if sufficient to establish the charge, must be proved as laid. The trust averred was safely to keep the lumber; the trust proved was to saw and ship to market for sale. The allegation in the indictment was not sustained by any evidence, and until the trust charged in it was established by testimony, there could be no breach of it.

The exception to the instruction of the Judge, as violative of the 26th Section of the IVth Article of the Constitution, is also well taken. Its language is as follows: "Judges shall not charge juries in respect to matters of fact, but may state the testimony and declare the law."

We are not to be understood as holding that a Judge, in his charge to the jury, is to be confined to a mere narration of the evidence. While he is not at liberty to give his conclusion on any particular portion of the testimony, nor the result of his judgment as to the whole, he is not restrained from comparing the various parts of it, that the jury may have before them, in as concise a form as possible, the issues upon which they are to pass, so that they may

be the better enabled to apply the law to the facts presented in the cause. The Judge is not permitted to say, where the testimony makes an issue of fact, in what manner the jury is to value it ; but he may review the whole testimony, and while not allowed to give his own conclusion, may collect and group together the various phases in which the evidence may be regarded, that the jury may view it in the various relations which it bears to the law, as pronounced by the Court. In *Redding and Wife* vs. *South Carolina Railroad Company*, April Term, 1873, we had occasion to refer to the point now considered, and expressed our views in relation to it.

In the case before us the Judge, so far from refraining to give his own opinion on the very issue with which the jury was charged, said to them : " Witnesses on the part of the State agree as to the trust being created and betrayed, and the defense, even with the latitude allowed it, has failed to create a doubt in that particular, to wit : that the said Tappin G. Green did have in trust this lumber, and did misappropriate the proceeds." He thus submitted, not only his conclusion of law to be applied to the facts, but so expressed his opinion in regard to them that not even a doubt was left for the solution of the jury.

The motion in arrest of judgment is granted.

*Wright*, A. J., and *Willard*, A. J., concurred.